IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PEGGY LEVINS<br>2659 Towamencin Ave.<br>Hatfield, PA 19440<br><br>   Plaintiff,<br>v.<br><br>FIRST HOSPITAL<br>LABORATORIES, INC.<br>d/b/a FIRSTSOURCE SOLUTIONS/<br>FIRSTLAB<br>100 Highpoint Dr., Suite 102<br>Chalfont, PA 18914<br>   and<br>RID Ventures, LLC<br>100 Highpoint Dr., Suite 102<br>Chalfont, PA 18914<br><br>   Defendants. | CIVIL ACTION<br><br>DOCKET NO.:<br><br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Peggy Levins (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Plaintiff against First Hospital Laboratories, Inc. and RID Ventures, LLC (*hereinafter* collectively referred to as "Defendants") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*), Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621 *et. seq.*), the Family and Medical Leave Act ("FMLA - 29 U.S.C. §2601 *et. seq.*), and the Pennsylvania Human Relations Act ("PHRA"). [1] Plaintiff asserts, *inter alia*, that she was unlawfully terminated from

---

[1] Plaintiff's claims under the PHRA is referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file her lawsuit in advance

Defendants. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for violations of civil rights under the ADA, ADEA, and FMLA.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted her administrative proceedings (with respect to her ADA and ADEA claims) before initiating this action by timely filing and dual-filing her Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

---

of same because of the date of issuance of her federal right-to-sue letter under the ADA and ADEA. Plaintiff's PHRA claims however will mirror identically her federal claims under the ADA and ADEA.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant First Hospital Laboratories, Inc. ("Defendant FHL") is a full service compliance management solutions company doing business as FirstSource Solutions and/or FirstLab. Defendant FHL's corporate office is located at the above-captioned address (the same location at which Plaintiff physically worked). Defendant FHL operates as a subsidiary of Defendant RID Ventures, LLC.

9. Defendant RID Ventures, LLC is the parent company of Defendant FHL.

10. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

11. At all times relevant herein, Defendants acted by and through their agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff is a 59-year-old adult.

14. Plaintiff began working for Defendants on or about October 8, 1999 and remained employed with Defendants for approximately 18.5 years.

15. Throughout her long tenure with Defendants, Plaintiff was a dedicated and hard-working employee who did not exhibit any disciplinary concerns until the last approximate month of her employment when she was subjected to pretextual ridicule regarding her performance (discussed further *infra*).

16. At all times relevant herein, Plaintiff was supervised by one, Shane Moes (Vice President of Business Development – *hereinafter* "Moes").

17. In or about December of 2016, Plaintiff's title changed from "Manager" to Director of Proposal and Inside Sales (a change which Defendants considered a "promotion").

18. On or about March 26, 2017, Plaintiff was involved in a motor vehicle accident and thereafter began to suffer from various disabilities, including but not limited to post-concussion syndrome and anxiety.

19. Plaintiff's aforesaid health conditions caused Plaintiff to experience dizziness, fatigue and headaches, and also occasionally limited her ability to perform some daily life activities, including but not limited to sleeping and engaging in social interaction.

20. Following her March 2017 motor vehicle accident, Plaintiff attended doctor's appointments and physical therapy in order to treat for her aforesaid health conditions.

21. Despite Plaintiff's health conditions and limitations (discussed *supra*), she was still able to perform the duties of her job well with Defendants.

22. Through June of 2017, Plaintiff had several conversations with Defendants' management, including but not limited to Moes, about her aforesaid health conditions, the side effects of her medical conditions, her treatment regimen (including physical therapy), and other

4

matters related to her health conditions. Plaintiff even cried in front of Moes on various occasions for reasons related to her aforesaid health conditions.

23. Following Plaintiff's motor vehicle accident and subsequent diagnoses, Defendants' management began to exhibit animosity and hostility towards Plaintiff, including but not limited to (1) treating her in a rude and demeaning manner; (2) criticizing her performance, despite the fact that Defendants did not express any dissatisfaction with her performance prior to March of 2017; and (3) treating her in a disparate manner as compared to her other non-disabled, younger co-workers.

24. On or about July 5, 2017, Plaintiff was informed that she was being terminated from Defendants after 18.5 years of dedicated service.

25. Plaintiff was informed that the purported reason for her termination was poor performance, including not meeting her goals.

26. The reason for Plaintiff's termination is completely pretextual as she was terminated (1) at a time when she was confiding in Defendants' management about her aforesaid health conditions; (2) for alleged performance problems, which only arose and were only conveyed to Plaintiff following her accident and subsequent diagnoses in March of 2017; (3) only after being subjected to hostility and animosity by Defendants' management; and (4) without ever being disciplined, placed on probation, or issued any type of performance improvement plan.

27. Upon information and belief, other employees who were not disabled and/or younger than Plaintiff had been issued performance improvement plans and/or performance-related discipline and were not terminated like Plaintiff.

28. Furthermore, upon information and belief, there were multiple other employees who fell outside of Plaintiff's protected classes who had not met their goals (including but not limited to Moes) and they were not terminated like Plaintiff.

29. Plaintiff believes and therefore avers that she was subjected to a hostile work environment and ultimately terminated from her employment with Defendants because of (1) her actual disabilities; (2) perceived disabilities; and/or (3) her advanced age.

### First Cause of Action
### Violations of the Americans with Disabilities Act, as Amended ("ADAAA")
([1] Actual/Perceived Disability Discrimination; [2] Retaliation;
[3] Failure to Accommodate; [4] Hostile Work Environment)
-Against Both Defendants-

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. Plaintiff suffered from qualifying health conditions under the ADA (as amended), which limited her ability (at times) to perform some daily life activities, as described *supra*.

32. Plaintiff apprised Defendants' management of her aforesaid health conditions and need for potential reasonable accommodations, including but not limited to time off from work and adjusting her job duties.

33. Following her March, 2017 car accident and subsequent diagnoses, Plaintiff was met with hostility and animosity from Defendants' management, including but not limited to Moes.

34. Plaintiff was ultimately terminated from her employment with Defendants for blatantly pretextual reasons.

35. Plaintiff believes and therefore avers that Defendants discriminated against Plaintiff by subjecting her to a hostile work environment, issuing her pretextual discipline and

ultimately terminating her employment because of her known and/or perceived health problems and/or her requested accommodations.

36. Defendants also failed to accommodate Plaintiff by refusing to engage in the interactive process with her and/or by terminating her while she was on a medical leave.

37. These actions as aforesaid constitute violations of the ADAAA.

## Second Cause of Action
## Violations of the Age Discrimination in Employment Act ("ADEA")
### (Age Discrimination – Wrongful Termination & Hostile Work Environment)

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. The purported reason for Plaintiff's termination was unsatisfactory work performance, including but not limited to allegedly not meeting her goals.

40. Prior to Plaintiff's termination, she was never issued any performance-related discipline, placed on probation, or issued a performance improvement plan.

41. Upon information and belief, other employees who were younger than Plaintiff had been issued performance improvement plans and/or performance-related disciplines and were not terminated like Plaintiff.

42. Furthermore, upon information and belief, there were other employees who were younger than Plaintiff and who had not met their goals; however, they were not terminated like Plaintiff.

43. Plaintiff further observed Defendants' management harass several older employees (including herself) prior to her termination in July of 2017.

7

44. Plaintiff believes and therefore avers that Defendants discriminated against her by subjecting her to a hostile work environment and terminating her employment because of advanced age.

45. These actions as aforesaid constitute violations of the ADEA.

### Third Cause of Action
### Violations of the Family and Medical Leave Act ("FMLA")
(Interference and Retaliation)

46. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

48. Plaintiff requested leave from Defendants, her employers, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

49. Plaintiff had at least 1,250 hours of service with the Defendants during her last full year of employment.

50. Defendants are engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

51. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

52. Plaintiff was terminated (1) shortly following a request for FMLA-qualifying leave; and (2) while she was on a medical leave of absence for her aforesaid health conditions.

53. These actions as aforesaid constitute violations of the FMLA.

8

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/discrimination at the hands of Defendants until the date of verdict;

C. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

                                                Respectfully submitted,

                                                **KARPF, KARPF & CERUTTI, P.C.**

By:      _____
            Ari R. Karpf, Esq.
            3331 Street Road
            Two Greenwood Square
            Building 2, Ste. 128
            Bensalem, PA 19020
            (215) 639-0801

Dated: November 22, 2017

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| PEGGY LEVINS | CIVIL ACTION |
| v. | |
| FIRST HOSPITAL LABORATORIES, INC. d/b/a FIRSTSOURCE SOLUTIONS/FIRSTLAB, ET AL. | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 11/22/2017 | [signature] | Plaintiff |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2659 Towamencin Avenue, Hatfield, PA 19440

Address of Defendant: 100 Highpoint Drive, Suite 102, Chalfont, PA 18914

Place of Accident, Incident or Transaction: Defendants place of business
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Ari R. Karpf, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 11/22/2017    _____    ARK2484
                    Attorney-at-Law     Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/22/2017    _____    ARK2484
                    Attorney-at-Law     Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LEVINS, PEGGY

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
FIRST HOSPITAL LABORATORIES, INC. d/b/a FIRSTSOURCE SOLUTIONS/FIRSTLAB, ET AL.

County of Residence of First Listed Defendant: Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☒ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Americans w/ Disabilities Act "ADA" (42USC12101); ADEA 29USC621; FMLA 29USC2601
Brief description of cause:
Violations of the ADA, ADEA, FMLA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE _____ DOCKET NUMBER _____

DATE: 11/22/2017
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

[Print] [Save As...] [Reset]